**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

MICHAEL GARRETT,

    Plaintiff,

    -against-

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.;

FIRST ADVANTAGE BACKTRACK
REPORTS, LLC;

COMPASS GROUP USA, INC.;

RESTAURANT ASSOCIATES, INC.; and

SAKS FIFTH AVENUE LLC,

    Defendants.

-------------------------------------------------------------------x

Case No. 1:22-civ-7330

**COMPLAINT**

Jury Trial Demanded

    Plaintiff Michael Garrett, by and through his undersigned counsel, states the following for his Complaint against Defendants First Advantage Background Services Corp., First Advantage Backtrack Reports, LLC, Compass Group USA, Inc., Restaurant Associates, Inc., and Saks Fifth Avenue LLC, on personal knowledge as to his own acts and observations, and on information and belief as to all other matters.

## THE PARTIES

    1.    Plaintiff Michael Garrett ("Garrett") formerly worked at Compass Group USA, Inc., and was terminated from his job as a result of a background check that misreported his criminal history. He resides in New York and is a citizen of New York.

1

2. Defendant First Advantage Background Services Corp. is a Florida corporation with a principal place of business in Georgia, and is a citizen of Florida and Georgia.

3. Defendant First Advantage Backtrack Reports, LLC, is a Delaware limited liability company with a principal place of business in Georgia; its citizenship is unknown but it is believed to be a citizen of Florida and Georgia due to its membership.

4. The above entities are referred to together as "First Advantage;" the two entities act in concert with one another and their actions are not distinguishable, such that the acts of one may be imputed to the other.

5. Defendant Compass Group USA, Inc. ("Compass Group"), is a New York corporation with a principal place of business in Albany, New York. Compass Group is accordingly a citizen of New York.

6. Defendant Restaurant Associates, Inc. ("Restaurant Associates"), is a New York corporation with a principal place of business in New York, New York. Restaurant Associates is accordingly a citizen of New York.

7. Defendant Saks Fifth Avenue LLC ("Saks"), is a New York limited liability company with a principal place of business in New York, New York. Saks is accordingly a citizen of New York.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and U.S. Const., art. III, because this action raises one or more federal claims.

9. This Court has personal jurisdiction because the relevant acts and events occurred in New York.

10. Venue is proper because a substantial part of the events or omissions giving rise to the claims here occurred in this District.

## **FACTS**

11. Complainant Michael Garrett is a 53-year-old Black man.

12. Garrett had worked for Compass Group and its subsidiaries since 2001.

13. Throughout his employment with Compass Group, Garrett never received any negative performance reviews, write ups, or discipline.

14. Garrett has a criminal record, which he has always been honest about with his employer.

15. Compass Group ran background checks on Garrett for his previous work with the company and is aware of his criminal record.

16. Compass Group continued to employ Garrett having knowledge of his criminal record.

17. On March 20, 2019, Garrett received an offer of employment from Restaurant Associates to work at L'Avenue at Saks Restaurant.

18. Garrett began working at L'Avenue at Saks Restaurant as an AM Prep Cook on March 22, 2019.

19. Garrett filled out various forms to begin his employment.

20. As a result, various Defendants obtained a background check report from First Advantage.

21. First Advantage later returned a report that contained material errors, including but not necessarily limited to misreporting Garrett's criminal history, and said he "failed" the check.

22. Andy Choi was Garrett's direct supervisor.

23. Cedric Domenech was the head chef at the restaurant.

24. On April 27, 2019, Garrett started feeling sick at work; he vomited and had hot and cold flashes for several hours.

25. Choi told Garrett to go home.

26. Garrett continued to feel very sick so the next day, on April 28, 2019, he went to the emergency room, where he was examined and given medicine.

27. The emergency room doctor cleared Garrett to return to work on May 1, 2019.

28. But when Garrett returned to work on May 1, 2019, he started feeling sick again; just like on April 27, 2019, he vomited and had hot and cold flashes.

29. Garrett told his supervisors that he felt sick and they sent him home again.

30. On May 2, 2019, Garrett went to the emergency room again, where he was diagnosed with pneumonia.

31. Soon after, Garrett found out he had congestive heart failure and that he had been experiencing symptoms of the condition while at work.

32. Garrett took sick time off work until May 7, 2019, and he communicated this to Choi.

33. On May 7, 2019, Garrett returned to work and presented Choi with three doctors' notes.

34. Choi refused to take the doctors' notes and yelled at Garrett for taking too much time off.

35. Choi, Domenech, and Saul Quintaro, the sous chef, became extremely aggressive toward Garrett after this incident.

36. Two weeks later, on May 23, 2019, Domenech called Garrett into a meeting with Choi and Jason DeMarzo, a human resources employee.

37. Domenech, Choi, and DeMarzo informed Garrett that he was being terminated for a "Code 29" violation.

38. When Garrett asked for an explanation as to why he was being terminated, Domenech, Choi, and DeMarzo did not tell him anything.

39. On the termination notice, the reason for termination generically stated that Garrett "failed employment screening."

40. The notice did not specify what "screening" this referred to, or that it was a criminal history search obtained from a credit bureau (First Advantage).

41. Garrett refused to sign the termination notice.

42. Domenech, Choi, and DeMarzo had a Saks security officer escort Garrett from the premises.

43. Garrett later filed a Complaint with the New York City Commission on Human Rights ("Commission"), raising claims New York City Human Rights Law and Article 23-A of the New York Correction Law; those claims remain in the jurisdiction of the Commission, and this action is not intended as an election of remedies as to Mr. Garrett's NYCHRL and New York Correction Law claims.

44. During the course of the Commission's investigation, Mr. Garrett first learned that the background check First Advantage had submitted misreported his criminal history and/or otherwise failed to comply with the Fair Credit Reporting Act.

45. He brings this action within two years of discovering the violation on August 27, 2020, and not later than five years after the violation occurred in 2019.

## CLAIMS

### FIRST CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681
### (against all Defendants)

46. Garrett incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

47. Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, by, among other potential unlawful acts:

　　a. Misreporting Garrett's criminal history;

　　b. Stating that Garrett had "failed" the criminal history check when Garrett's history did not make him ineligible for employment and that "failure" was based on improper information; and

　　c. Failing to give Garrett proper notice of and opportunity to contest the information in the criminal history report.

48. As a direct and proximate result of Defendants' unlawful actions, Garrett has been damaged and continues to suffer both pecuniary damages and emotional distress.

49. Defendants acted willfully, justifying punitive damages.

50. Garrett prays that the Court adjudge Defendants liable for violation of the Fair Credit Reporting Act, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

**JURY DEMAND**

Garrett respectfully demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff Michael Garrett prays that the Court enter judgment in his favor, find that Defendants violated the Fair Credit Reporting Act, and grant all relief allowed under law, including but not limited to:

A. Actual economic damages, including lost wages and benefits;

B. Actual non-economic damages, including damages for emotional distress;

C. Punitive damages and civil penalties;

D. Statutory damages;

E. Attorney's fees, expert fees, and costs;

F. An order that Defendants cease and desist from all illegal practices and revise Garrett's records to remove all negative references; and

G. Any other and/or further relief permitted by law.

Dated: August 26, 2022　　　　　　　　　　　Respectfully submitted,
New York, New York

KEENAN AND BHATIA, LLC

By: __/s/ E.E. Keenan_____
Edward (E.E.) Keenan
90 Broad Street, Suite 200
New York, NY  10004
Tel:  (917) 975-5278
ee@keenanfirm.com

*Attorney for Plaintiff Michael Garrett*