```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
MICHAEL GARRETT,                                              :
                                                              :
                                    Plaintiff,                :    1:22-cv-07330-GHW-JW
                                                              :
               -v –                                           :    ORDER
                                                              :
SAKS FIFTH AVENUE LLC,                                        :
                                                              :
                                    Defendant.                :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/2024

GREGORY H. WOODS, United States District Judge:

On September 18, 2023, counsel for Plaintiff Michael Garrett submitted a letter notifying the Court of Plaintiff's passing and noting that the parties had reached a settlement of this matter in full prior to Plaintiff's passing. Dkt. No. 50. The Court held a status conference on December 7, 2023 to discuss the status of this case, and counsel for Plaintiff again confirmed the information conveyed in the September 18 letter on the record. Counsel for Plaintiff also proffered that Plaintiff had intended and expected the dismissal of all Defendants in this case as a result of the settlement.

Subsequently, the Court granted the stipulated dismissal of all but one Defendant from this action, pursuant to Plaintiff's voluntary dismissal with prejudice. Dkt. No. 58. The sole remaining Defendant in this action is Saks Fifth Avenue LLC.[1] On December 21, 2023, counsel for Plaintiff submitted a status update, noting that they intended to confirm with the deceased Plaintiff's family that the case should be closed and that they anticipated filling an update in the next 30 days. Dkt. No.59. The Court has received no updates since December 21.

---

[1] Counsel for Plaintiff notes that Saks Fifth Avenue LLC is "not an active party" to this litigation because it was not named in the Second Amended Complaint. Dkt. No. 59. It is not clear, however, that the Second Amended Complaint is the operative complaint in this matter, as it was filed without leave of the Court or all Defendants' written consent. Dkt. No. 34. Nonetheless, the Court acknowledges the proffer by Plaintiff's counsel that the intention was to dismiss Saks Fifth Avenue LLC from this matter.

> Federal Rule of Civil Procedure 25(a)(1) provides, in relevant part:
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1); *see also Vail v. Smith*, No. 9:12-cv-0234, 2015 WL 792224, at *4 (N.D.N.Y. Feb. 25, 2015) (adopting report and recommendation to dismiss case under Rule 25(a)(1)).

Plaintiff's counsel filed a statement noting the death of Plaintiff on September 18, 2023, which was served on all parties still in the case by electronic notification. Dkt. No. 50. No party or non-party has filed a motion for substitution in the 90 days since. Accordingly, dismissal of this matter is proper under Rule 25(a)(1). The Court dismisses Plaintiff's remaining claims against Saks Fifth Avenue LLC without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: February 7, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge